```
              UNITED STATES DISTRICT COURT

              EASTERN DISTRICT OF LOUISIANA

MARINE POWER HOLDINGS, LLC              CIVIL ACTION

V.                                      NO. 14-2065

MALIBU BOATS, LLC                       SECTION "F"
```

ORDER AND REASONS

Before the Court is the defendant's motion, pursuant to Federal Rule of Civil procedure 13(a)(1) and the rule against claim splitting, to dismiss this case or to transfer it to the Eastern District of Tennessee for potential consolidation with two previously filed lawsuits between the parties. For the reasons that follow, the motion is DENIED WITHOUT PREJUDICE.

**Background**

Marine Power is a Louisiana company that designs, manufactures, and sells engines for sport boats. Malibu is a Tennessee and Delaware company that manufactures and sells sport boats. In 2013, Marine Power and Malibu entered into an agreement for Malibu to purchase engines for its boats from Marine Power.

There are currently three lawsuits pending between Marine Power and Malibu. The first two concern a purchase order (557 PO) for 571 engines, and the third concerns a warranty on LS3 engines. The purchase order was not for LS3 engines.

First, on April 15 of this year, Malibu filed suit against Marine Power in the Eastern District of Tennessee (3:14-cv-152).

1

Malibu sought a declaratory judgment on its purported cancellation of the 557 Purchase Order.  Then, on April 22, Marine Power filed suit against Malibu in this district (2:14-cv-912).  Both of these lawsuits concerned the 557 Purchase Order, and Judge Africk transferred the second case to the Eastern District of Tennessee under the "first to file" rule.  He found that the two cases might substantially overlap, requiring transfer.  He also noted that he expressed no opinion as to which case should proceed or as to where venue was proper.

In the Eastern District of Tennessee, this second case (now 3:14-cv-242) was assigned to the same judge as the first, but the cases have not been consolidated.

Pending in the first lawsuit are four motions:

(1) Motion to enjoin Marine Power from maintaining a later-filed lawsuit in the Eastern District of Louisiana, by Malibu Boats

(2) Motion to dismiss for improper venue or in the alternative to transfer, by Marine Power

(3) Motion for temporary restraining order or preliminary injunction, by Malibu Boats

(4) Motion to amend complaint, by Malibu Boats (Filed 10/29/2014).

Marine Power filed the third lawsuit in this Court.  This third case concerns a warranty on LS3 engines.  Dealers of Malibu's

2

boats contacted Marine Power about the failure of eight LS3 engines.  Marine Power believes that the engines failed due to water intrusion because of a design defect in Malibu's boats.  Malibu disagrees and claims that it has no responsibility for the failure of the LS3 engines.  Marine Power invoiced Malibu for the costs of replacing the engines, and Malibu refuses to pay.  Marine Power claims that this is contrary to the terms of Marine Power's warranty.  Marine Power seeks a declaration from this Court that it has no obligation to repair or replace the failed engines per its warranty and that it is not responsible for the costs of manufacturing and installing corrective parts to prevent water from leaking into the LS3 engines.  Marine Power also seeks damages for the engines it has already replaced and for the injury to its business reputation.

On October 29, Malibu moved to amend its complaint in the first lawsuit in Tennessee.  In its proposed amended complaint, Malibu includes many assertions concerning the LS3 warranty at issue in the case pending here.  Malibu seeks to add two new causes of action to the Tennessee case: breach of warranty and violation of the Magnuson-Moss Warranty Act.[1]

Malibu now moves this Court to dismiss the third lawsuit or

---

[1] Upon motion, if the court in the Eastern District of Tennessee grants the motion to amend the complaint to include these warranty issues, this Court will consider again whether transfer is proper.

3

transfer it to the Eastern District of Tennessee.

**I.**

Federal Rule 13(a) provides that any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" is a compulsory counterclaim and must be asserted or it will be waived.[2]  To determine whether this standard of same "transaction or occurrence" is met, the courts apply four tests: (1) whether the legal and factual issues raised by the claim and counterclaim are the same; (2) whether, absent compulsory counterclaim, res judicata would bar a subsequent suit on the counterclaim; (3) whether substantially the same evidence supports or refutes both the claim and the counterclaim; or (4) whether there is a logical relation between the claim and counterclaim. Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1360 (5th Cir. 1979).  The Fifth Circuit favors the "logical relationship" test. Naturesweet, Ltd. v. Mastronardi Produce, Ltd., No. 12-1424, 2013 WL 460068, at *5 (N.D. Tex. Feb. 6, 2013).  A logical relationship exists "when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendants." Montgomery Elevator Co. v. Building Eng'g Servs. Co., 730 F.2d 377, 380 (5th Cir. 1984).

---

[2]The test for the rule against claim splitting is essentially the same: it bars a claim if it arises out of the same transaction or series of transactions as the first claim.

## II.

The case pending here and the cases pending in Tennessee do not arise out of the same transaction or occurrence. They share two qualities: the identity of the parties and their business relationship. In no other way are they related.

First, the two sets of cases do not raise the same legal or factual issues. The issues raised here are whether the cause of the failures of the LS3 engines is a design defect by Marine Power as to the engines or by Malibu as to the boats and whether Marine Power's warranty covers the failure of these engines. The issues in the cases pending in Tennessee are whether Marine Power or Malibu breached the 557 Purchase Order and whether Malibu acted properly in cancelling that purchase order. The actions arise out of different contracts.

Second, res judicata on the actions pending in Tennessee would not bar Marine Power from proceeding with the action pending here. A finding that Malibu properly terminated the 557 Purchase Order and that Marine Power breached the 557 Purchase Order would have no bearing on whether a defect by Marine Power or Malibu caused the failure of the LS3 engines. It would also not inform whether the failure of these engines was a warrantable event.

Third, the claims in the two sets of lawsuits will not involve the same evidence. The evidence in the warranty action will concern Marine Power's design of the LS3 engines, Malibu's design

of the boats, what caused the failure of the engines, and the terms of Marine Power's warranty.  The evidence in the purchase order actions in Tennessee will concern the terms of the purchase order, the correspondence among the parties about the delivery of engines under the purchase order, any agreement on the delivery schedule, the delivery of the engines, and Malibu's treatment of those engines.  There is no evidentiary overlap.

Finally, there is no logical relationship between the case pending here and those in Tennessee, except for the hostility of the litigants.  The engine warranty action and the purchase order actions arise out of distinct sets of operative facts.  They concern different contracts, they involve different types of engines, and they relate to different legal rights.[3]

According, the motion to dismiss or to transfer is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, November 5, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Obviously the issues between the parties could be best and most efficiently resolved in one forum, but for the tit-for-tat strategy of the lawyers.  Efficiency, however, does not appear to be a matter of concern, nor does the needless cost of these cases.