UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARINE POWER HOLDING, LLC                              CIVIL ACTION

V.                                                     NO. 14-2065

MALIBU BOATS, LLC                                      SECTION "F"

ORDER AND REASONS

Before the Court is Malibu's motion to stay this case pending the resolution of three undecided motions in a case between the parties in the Eastern District of Tennessee. For the reasons that follow, the motion to stay is DENIED.

Background

The facts of this case are recounted in this Court's previous Order and Reasons dated November 5, 2014, and for the sake of brevity will not be repeated here.[1] In short, Malibu and Marine Power have three ongoing lawsuits against each other: two cases in Tennessee involving a purchase order and a third here involving a warranty on certain engines. There are three motions in the first lawsuit in Tennessee on which that court has yet to rule:

(1) Motion to enjoin Marine Power from maintaining a later-
    filed lawsuit in the Eastern District of Louisiana, by Malibu

---

[1]One fact not detailed previously but which Malibu deems relevant is that the parties filed a joint stipulation here and in the Eastern District of Tennessee on October 10. In it they implemented a remedial solution to the water intrusion issue, they each agreed not to tell Malibu's dealers that the other's goods are defective, and they agreed to a mechanism for processing future engine warranty claims.

1

   Boats (filed 04/30/2014);

   (2) Motion to dismiss for improper venue or in the alternative to transfer, by Marine Power (filed 05/16/2014);

   (4) Motion to amend complaint, by Malibu Boats (filed 10/29/2014).

Although apparently pending for some time, none of these motions has a hearing date.  Malibu moves to have this case stayed until those motions are ruled upon, believing that once they are resolved, the three cases will likely be consolidated either here or in the Eastern District of Tennessee.

I.

   It is undisputed that "[a] district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" United States v. Colomb, 419 F.3d 292, 299 (5th Cir. 2005) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). This inherent power includes "broad discretion to stay proceedings."  Clinton v. Jones, 520 U.S. 681, 706-07 (1997). Nonetheless, because the authority to stay is "largely unreviewable, it must not be abused." Coastal (Bermuda) LTD. v. E.W. Saybolt & Co., Inc., 761 F.2d 198, 203 n.6 (5th Cir. 1985). Thus, in deciding whether to stay proceedings, a court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55.  A court may consider (1) any hardship imposed on the

moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy.  Strong ex rel. Tidewater, Inc. v. Taylor, No. 11-392, 2013 WL 81889, at *2 (E.D. La. Mar. 5, 2013); Collins v. Angiodynamics, Inc., 13-5431, 2013 WL 5781708, at *2 (E.D. La. Oct. 15, 2013).

II.

*A.*

"The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545 (5th Cir. 1983).  Malibu contends that it will face hardship if this case is not stayed.  Specifically, without a stay, Malibu would soon have to make Rules 26(f) disclosures and participate in a 26(a)(1) conference, and a scheduling order would soon be entered.

The only case on which Malibu relies is Maples v. Donzinger, 2014 WL 688965 (E.D. La. Feb. 21, 2014), in which Judge Milazzo of this Court stayed the case for six months.  Maples was part of a much larger dispute (Chevron's widely known Ecuador lawsuit), and the claims before Judge Milazzo could have been rendered moot by the outcome of claims pending before another court.  Id. at *2.  This case is not Maples.  Whether in this Court or in the Eastern

3

District of Tennessee, the parties will have to make Rule 26(f) disclosures and participate in a Rule 26(a)(1) conference. As Marine Power rightly states, changes to a scheduling order are not uncommon and would not constitute a hardship. Moreover, an outcome on the merits in the cases in Tennessee as they stand now[2] would not affect the claims pending here.[3]

*B.*

Marine Power contends that it would be prejudiced if this case were stayed to the extent that its recovery for the failed engines continues to be delayed. This Court does not and cannot know the length of the stay that Malibu seeks. One of the motions before the Court in the Eastern District of Tennessee has been fully briefed for six months. Assuming that the motion to amend the complaint (the most recently filed motion) could remain pending for at least as long, Marine Power's case could be delayed for several months. See Hoppie v. Prospect Mortgage, LLC, No. 13-137, 2013 WL 5493004, at *3 (W.D. Tex. Oct. 2, 2013) (denying a motion to stay

---

[2]Malibu has moved to amend its complaint in Tennessee to include the claims asserted here. Marine Power contends that this amendment would be improper because such claims should be addressed in this Court under the first-to-file rule. Marine Power filed the engine warranty claims here, and thus Malibu should respond to these claims in this Court. This Court, however, will not parse out this issue; the motion to amend is not pending here but rather in the Eastern District of Tennessee.

[3]For a more thorough discussion of the differences between the cases in Tennessee and the case here, see the Court's Order and Reasons dated November 5, 2014.

4

because the four- to six-month delay would be longer than that found appropriate in other cases). Because a stay could further inhibit Marine Power's progress in the present litigation for a significant period of time, the Court finds that the plaintiff faces a substantial likelihood of prejudice if a stay is granted.

C.

The Court concedes that the interest of judicial economy may well be served by staying this case. Like the parties, this Court too awaits a decision from the Eastern District of Tennessee as to whether the Tennessee cases will be transferred. But if the cases are not consolidated and if this lawsuit remains here, this Court would have the litigants waste time unreasonably and the Court could have resolved this case in a timely manner.

The Court finds that any hardship Malibu will endure is minimal and that Marine Power may be prejudiced by the unknown length of the requested stay. Accordingly, the motion to stay is DENIED.

New Orleans, Louisiana, December 15, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE